# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

VINCENT MARTINEZ,

      Petitioner,

  v.                                  Case No. 18-CV-210

BRIAN FOSTER,

      Respondent.

## REPORT AND RECOMMENDATION TO DISMISS
## PETITION FOR WRIT OF HABEAS CORPUS ON PRELIMINARY REVIEW

Vincent Martinez is currently incarcerated at Waupun Correctional Institution awaiting trial in Fond du Lac County Circuit Court. He has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the Circuit Court violated his constitutional rights when it determined that he had forfeited his Sixth Amendment right to the assistance of counsel. For the following reasons, the Court will recommend that Mr. Griffin's petition be dismissed on preliminary review.

## I. Screening of Federal Habeas Actions

In accordance with Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, as well as Civil Local Rule 9(a)(2) (E.D. Wis.), the Court applies the Rules Governing Section 2254 Cases to petitions for a writ of habeas corpus under § 2241. Therefore, the Court must now screen Mr. Martinez's

application in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states the following:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

During this initial review, the Court generally analyzes three issues: whether the petitioner has set forth cognizable constitutional or federal law claims, whether the petitioner has exhausted available state remedies, and whether the petition is timely.

### A. Background

On October 8, 2013, Mr. Martinez was charged in Fond du Lac County Circuit Court with stalking, misdemeanor battery, disorderly conduct, strangulation and suffocation, substantial battery, and false imprisonment in two consolidated criminal cases. *See* Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 By a Person in Custody 4, ECF No. 1; Petitioner's Memorandum of Law in Support of Petition for Writ of Habeas Corpus 1, ECF No. 3. During a hearing on September 24, 2015, the Circuit Court granted a motion to withdraw filed by Mr. Martinez's fourth court-appointed lawyer. *See* Pet'r's Mem. 2; Exhibit to Petitioner's Memorandum of Law in Support of Petition for Writ of Habeas Corpus, ECF No. 3-1. The Circuit Court also determined—over Mr. Martinez's objection—that Mr. Martinez had forfeited his right to counsel based on his actions, including his refusal to follow court directives and to work with his lawyers. Ex. at 8–10. The

2

Case 2:18-cv-00210-WCG    Filed 02/21/18    Page 2 of 6    Document 11

Circuit Court thus refused to appoint Mr. Martinez a new lawyer, though it did appoint him one as standby counsel.

Mr. Martinez was granted leave to appeal the Circuit Court's non-final order. On April 19, 2017, the Wisconsin Court of Appeals affirmed the Circuit Court's decision. The Wisconsin Supreme Court denied Mr. Martinez's petition for review on July 11, 2017. Pet'r's Mem. 2.

Mr. Martinez filed the present application on February 7, 2018, alleging "that his Sixth Amendment right to the assistance of counsel was unconstitutionally forfeited." Pet'r's Appl. 10. The matter was randomly assigned to this Court, and Mr. Martinez consented to magistrate judge jurisdiction. *See* Consent to Proceed Before a Magistrate Judge, ECF No. 7. Mr. Martinez asks the Court to stay his state-court proceedings, enjoin the state court from forfeiting his right to counsel, appoint him a lawyer to assist with this application, and appoint him a lawyer to assist with his pending state-court trial proceedings. Pet'r's Appl. 12; Pet'r's Mem. 1, 7–8 (citing 28 U.S.C. § 2251). Mr. Martinez asserts that he "will suffer irreparable injury if [he] proceeds to trial without the assistance of counsel." Pet'r's Appl. 12.

**B. Analysis**

Upon preliminary review, the Court finds that it lacks jurisdiction over Mr. Martinez's habeas application. For one, it does not appear that Mr. Martinez even qualifies as a pretrial detainee under § 2241. A state pretrial detainee may seek habeas relief under § 2241 if he "is in custody in violation of the Constitution or

3

laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3); *see also Virsnieks v. Smith*, 521 F.3d 707, 717 (7th Cir. 2008). But Mr. Martinez is currently incarcerated for violating the terms of his extended supervision on a previous case. *See* Wisconsin Department of Corrections Offender Locator, https://appsdoc.wi.gov/lop/home.do (search for Vincent Martinez) (last visited Feb. 21, 2018).[1] The constitutional violation alleged in Mr. Martinez's application therefore is not the basis for his current custodial status.

Moreover, Mr. Martinez's application does not seek release from custody based on the alleged violation of his Sixth Amendment right to counsel, which is a predicate of habeas jurisdiction under § 2241(c)(3). Even if the Court were to agree with Mr. Martinez's argument, essentially the only relief he would be entitled to is the appointment of counsel in his ongoing state criminal case. Such a claim is not cognizable on federal habeas review. *See Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009) (observing that "prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief").

As the Seventh Circuit has explained, "[s]tate prisoners who want to challenge their convictions, their sentence, or administrative orders revoking good-time credits … must seek habeas corpus, because they contest the fact or duration of custody." *Moran v. Sondalle*, 218 F.3d 647, 650–51 (7th Cir. 2000). On the other

---

[1] A court may take judicial notice of public records available on government websites. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (collecting cases).

hand, "[s]tate prisoners who want to raise a constitutional challenge to any other decision" as Mr. Martinez does here, "must instead employ § 1983 or another statute authorizing damages or injunctions." *Id.* at 651. That Mr. Martinez's conviction may be imminent without counsel is not sufficient to confer habeas jurisdiction on this Court.

**II. Conclusion**

Accordingly, it plainly appears that Mr. Martinez is not entitled to relief in the district court. The Court also finds that Mr. Martinez is not entitled to a certificate of appealability, as he has failed to make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *see also* Rule 11 of the Rules Governing Section 2254 Cases. This is so because Mr. Martinez has not demonstrated "that jurists of reason could disagree with the . . . court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Because not all parties have had the opportunity to consent to magistrate judge jurisdiction, I cannot order the entry of judgment in this action. *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461 (7th Cir. 2017). The matter therefore will be referred to a district judge for review of my recommendations that: (1) Mr. Martinez's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed; (2) this action be dismissed; (3) a certificate of appealability be denied; and (4) the Clerk of Court enter judgment accordingly.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that Vincent Martinez's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 By a Person in Custody, ECF No. 1, be **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER RECOMMENDED** that this action be **DISMISSED**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED**.

**FINALLY, IT IS RECOMMENDED** that the Clerk of Court to enter judgment accordingly.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this Recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin, this 21st day of February, 2018.

**BY THE COURT:**

*s/ David E. Jones*
DAVID E. JONES
United States Magistrate Judge

6

Case 2:18-cv-00210-WCG   Filed 02/21/18   Page 6 of 6   Document 11